J-S56019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDGAR MARTINEZ | |
| Appellant | No. 2304 EDA 2016 |

Appeal from the PCRA Order Entered June 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0201401-1998

BEFORE:  BOWES, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 25, 2017**

Appellant, Edgar Martinez, appeals *pro se* from the June 24, 2016 order entered in the Court of Common Pleas of Philadelphia County, denying as untimely his second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Appellant contends his petition is saved from the PCRA's time bar because he has asserted a constitutional right recognized as applying retroactively by the United States Supreme Court.  We disagree and, therefore, affirm.

As the PCRA court explained, on September 22, 1998, a jury convicted Appellant of first-degree murder, firearms violations, and conspiracy.  PCRA Court Rule 1925(a) Opinion, 12/9/16, at 1.  On January 21, 1999, Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

was sentenced to life in prison for murder, plus a consecutive term for the firearms violation and a concurrent term for conspiracy. *Id.* After the trial court denied his post-sentence motions, Appellant pursued a direct appeal to this Court. On October 17, 2000, we affirmed his judgment of sentence. Our Supreme Court denied Appellant's petition for allowance of appeal on April 16, 2001. *Id.* at 1-2. Therefore, Appellant's judgment of sentence became final ninety days later, on July 15, 2001, when the time for seeking discretionary review in the United States Supreme Court expired. U.S.Sup.Ct. Rule 13.

Appellant filed his first PCRA petition on March 8, 2002. The petition was ultimately dismissed by the PCRA court and this Court affirmed on June 26, 2003. PCRA Court Rule 1925(a) Opinion, 12/9/16, at 2.

At issue in this appeal is Appellant's second PCRA petition filed on May 21, 2012, nearly eleven years after his judgment of sentence was final.[1] *Id.* Appellant claimed he was eligible for relief based upon an after-recognized constitutional right. *Id.* After conducting "an extensive and exhaustive review of the record and applicable case law," the PCRA court determined that the petition was untimely. *Id.* On May 4, 2016, the PCRA court served a notice in accordance with Pa.R.Crim.P. 907, advising Appellant of the court's intent to dismiss the petition. The notice explained, in relevant part:

---

[1] Appellant filed supplements to the petition on August 2, 2012, October 10, 2012, September 5, 2013, and March 24, 2016.

> [Appellant] attempts to invoke the after-recognized constitutional right exception under 42 Pa.C.S.A. § 9545(b)(1)(iii), and cites to the United States Supreme Court decisions in **Miller v. Alabama**, 132 S.Ct. 2455 (2012) and **Montgomery v. Louisiana**, 136 S.C.t 718 (2016). The High Court in **Miller** established a new constitutional right by holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." **Id.** at 2469. In **Montgomery**, the High Court held that the constitutional right in **Miller** is retroactive. However, the **Miller** and **Montgomery** holdings are explicitly limited to juveniles under eighteen years of age who were sentenced to life without parole for committing the crime of murder. Here, although [Appellant] was convicted for a murder, he fully admits he was over eighteen at the time of the crime. [Appellant] also attempts to raise [an] after-recognized constitutional right exception citing **Lafler v. Cooper**, 132 S.Ct. 1376 (2012), asserting ineffective assistance of counsel. This claim also fails to provide [Appellant] an avenue for PCRA relief. Therefore, [Appellant] did not successfully invoke an exception, and this court remains without jurisdiction to address the merits.

PCRA Court Rule 907 Notice, 5/4/16, at 1. On May 20, 2016, Appellant filed a response to the Rule 907 notice. On June 24, 2016, the PCRA issued its order dismissing the petition as untimely. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In this appeal, Appellant asks us to consider two issues, which we set forth here verbatim without capitalization:

    I.    Whether (in) reviewing the (property) [sic] of the (PCRA) court's dismissal of Appellant's PCRA filing, it was an abuse of discretion for the (PCRA) court to determine that it was untimely . . . where the petition was timely filed under Title 42 Pa.S.C.A. § 9545(b)(1)(iii) and § 9545(b)(2), because newly recognized constitutional rights were enacted by the United States Supreme [sic] court applying to Appellant retroactively?

> II. Whether the PCRA court erred and denied Appellant his federal and state constitutional rights to due process of law by dismissing Appellant's second/subsequent PCRA petition without an evidentiary hearing and appointment of counsel . . . where Appellant raised substantial questions of disputed facts regarding the timeliness of his second/subsequent PCRA petition.

Appellant's Brief at 4.[2]

We begin by setting forth our scope and standard of review. As our Supreme Court has explained, "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009) (citing *Commonwealth v. Strong*, 761 A.2d 1167, 1170 n. 3 (Pa. 2000)).

As our Supreme Court recently reiterated:

> "PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy."

---

[2] We note that Appellant filed an untimely reply brief in violation of Pa.R.A.P. 2185, which requires that a reply brief be filed within 14 days after service of the preceding brief. Here, the Commonwealth filed its brief on August 16, 2017. Appellant filed the reply brief on September 12, 2017. However, even if timely, we would not consider the brief because it also violates Pa.R.A.P. 2113, which permits an appellant to "file a brief in reply to matters raised by appellee's brief . . . and not previously addressed in appellant's brief." Here, the "reply brief" was actually the same document Appellant filed in objection to the PCRA court's Rule 907 notice of intent to dismiss with only minor modification, such as changing "Petitioner" to "Appellant." The arguments in the reply brief were previously addressed in Appellant's original brief and did not address the jurisdictional and timeliness arguments raised in the Commonwealth's brief.

> ***Commonwealth v. Ali,*** 624 Pa. 309, 86 A.3d 173, 177 (2014). "Accordingly, the 'period for filing a PCRA petition is not subject to the doctrine of equitable tolling;' instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." ***Id.*** (quoting ***Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214, 222 (1999)). "The court cannot ignore a petition's untimeliness and reach the merits of the petition." [***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013)].

***Commonwealth v. Mitchell***, 141 A.3d 1277, 1284 (Pa. 2016).

Appellant contends that his otherwise-untimely second PCRA petition is saved by 42 Pa.C.S.A. § 9545(b)(1)((iii) as a constitutional right recognized by the United States Supreme Court and held by that court to apply retroactively. In his March 24, 2016 supplemental petition, he asserted that § 9545(b)(1)(ii), relating to newly-discovered facts, also provided him a basis for escaping the PCRA's time bar. In essence, Appellant argues that he is entitled to relief under ***Miller*** and ***Montgomery*** because he was eighteen years old when he committed the murder leading to his conviction, and studies have shown that the brain does not finish developing until an individual's mid-20s. He also argues that setting eighteen as the age at which a sentence of life in prison without parole is acceptable is arbitrary, especially in Pennsylvania, which defines a minor in 1 Pa.C.S.A. § 1991 as "[a]n individual under the age of 21 years of age."

This Court rejected the "technical juvenile" argument in ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016) and ***Commonwealth v. Cintora***, 69 A.3d 759 (Pa. Super. 2013). Quoting

*Cintora*, this Court stated that "a contention that a newly-recognized constitutional right *should* be extended to others does not render a petition seeking such an expansion of the right timely pursuant to section 9545(b)(1)(iii)." *Furgess*, 149 A.3d at 94 (quoting *Cintora*, 69 A.3d at 764 (emphasis in original) (brackets omitted)).  Therefore, as this Court held in *Cintora*, "petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." *Id.*

The PCRA court concluded that it lacked jurisdiction to consider Appellant's untimely PCRA petition.  The court's findings are supported by the record and are free of legal error.  Therefore, we affirm the June 24, 2016 order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017

- 6 -